UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X  Case: 1:14-cv-02240 (EMV)(LB)
ANTHONY BIZ &
WILLIAM RYAN                                                   **3rd AMENDED COMPLAINT**

                Plaintiffs,                         PLAINTIFF'S DEMAND
                                                              TRIAL BY JURY
     -against-

THE CITY OF NEW YORK,
P.O. GARTH WATT,
P.O. WEBSTER BANATTE,
P.O. DANIELLE CAMPO,
SGT. RICHARD LOMBARDI,
P.O. DENIS PASCALE,
P.O. SHAUNMICH YOUNG,
P.O. "JANE DOE" and
P.O "JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last Defendants
being fictitious, the true names
of the Defendants being unknown
to the Plaintiffs(s).

                Defendants.
------------------------------------------------------------X

     Plaintiffs ANTHONY BIZ & WILLIAM RYAN, by and through their attorney, Paul Hale, Esq. 26 Court St. Ste. 913 Brooklyn, NY 11242, complaining of the Defendants, The City of New York, P.O. GARTH WATT, P.O. WEBSTER BANATTE, P.O. DANIELLE CAMPO, SGT. RICHARD LOMBARDI, P.O. DENIS PASCALE, P.O. SHAUNMICH YOUNG, and Police Officers "John" and "Jane" Doe, collectively referred to as the Defendants, upon information and belief allege as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction over these claims is conferred upon this Court pursuant to 28 U.S.C. § 1331 and

§ 1343(a)(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the Plaintiffs by the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

2. This case is being brought pursuant to 42 U.S.C. § 1983. Jurisdiction supporting Plaintiffs' claims for attorneys' fees is conferred by and brought pursuant to 42 U.S.C. § 1988.

3. All causes of action not relying exclusively on the aforementioned federal and state causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of Plaintiffs' federal claims are identical to the events, parties, transactions, and injuries that form the basis of Plaintiffs' claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the county of Queens in the State of New York.

## NATURE OF THE ACTION

5. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, § 1988 [and § 1985], [and arising under the law and statutes of the State of New York].

6. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting

plaintiff.

## PARTIES

7. ANTHONY BIZ is a citizen of the United States, resides in New York, and is a resident of the State of New York.

8. WILLIAM RYAN is citizen of the United States, resides in New York, and is a resident of the State of New York.

9. At all times relevant to this action, Defendant P.O. GARTH WATT was a police officer with the City of New York Police Department and acting under color of state law.  He is being sued in both his individual and official capacity.

10. At all times relevant to this action, Defendant P.O. WEBSTER BANATTE was a police officer with the City of New York Police Department and acting under color of state law.  He is being sued in both his individual and official capacity.

11. At all times relevant to this action, Defendant P.O. DANIELLE CAMPO was a police officer with the City of New York Police Department and acting under color of state law.  He is being sued in both his individual and official capacity.

12. At all times relevant to this action, Defendant SGT. RICHARD LOMBARDI was a police officer with the City of New York Police Department and acting under color of state law.  He is being sued in both his individual and official capacity.

13. At all times relevant to this action, Defendant P.O. DENIS PASCALE was a police officer with the City of New York Police Department and acting under color of state law.  He is being sued in both his individual and official capacity.

14. At all times relevant to this action, Defendant P.O. SHAUNMICH YOUNG was a police

officer with the City of New York Police Department and acting under color of state law. He is being sued in both his individual and official capacity.

15. At all times relevant to this action, Defendants Police Officers are and were officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

16. The Defendant, City of New York, is a municipality in the State of New York and employs the Defendants Police Officers.

17. The Defendants Police Officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the Defendants Police Officers' acts as described above.

**FACTUAL BACKGROUND**

18. On April 24, 2013 at approximately 10:52 pm plaintiffs ANTHONY BIZ and WILLIAM RYAN were at the intersection of Beach 123 Street and Ocean Promenade in the County of Queens.

19. At the above time and place both plaintiffs were approached by P.O. BANATTE and P.O. WATT and told they were both under arrest.

20. During the arrest both plaintiffs were punched, kicked, knocked to the ground and stomped on by P.O. BANATTE and P.O. WATT. Upon information and belief, P.O. DENIS PASCALE was also involved in the attack. Numerous other unknown officers also participated in the assault.

21. During the assault on WILLIAM RYAN, P.O. DANIELLE CAMPO struck him in the eye with a baton. This resulted in permanent eye damage and vision loss. WILLIAM RYAN is now required to wear glasses and suffers from vision impairment which he did not have prior

to the assault by P.O. CAMPO.

22. Upon information and belief, SGT. RICHARD LOMBARDI was the acting supervisor and on scene during the events described above. As such, SGT. RICHARD LOMBARDI is liable for the actions of his subordinates. SGT. RICHARD LOMBARDI officers' use of excessive force was set in motion by his actions on the scene which he knew or reasonably should have known would cause others to inflict the constitutional injury.[1]

23. Upon information and belief there were numerous other unidentified officers on the scene who failed to intervene in the obvious unconstitutional behavior of P.O. BANATTE, P.O. WATT, SGT. RICHARD LOMBARDI, P.O. CAMPO and P.O. PASCALE.

24. P.O. BANATTE and P.O. WATT claim in their criminal affidavit that both plaintiffs, for absolutely no known reason, attacked the officers without any provocation.

25. P.O. DENIS PASCALE fabricated police paperwork in conjunction with P.O. BANATTE and P.O. WATT stating that plaintiffs attacked officers in an unprovoked manner.

26. In fact, it was the officers who unlawfully arrested and assaulted both plaintiffs without reason or cause.

27. After the attack both plaintiffs were taken to and processed in an unknown police precinct.

28. Afterwards both plaintiffs were taken to an unknown hospital. While at the hospital both plaintiffs remained handcuffed and forced to lay on their handcuffed hands overnight.

29. While at the hospital MR. BIZ was painfully double handcuffed and forced to lay on his

---

[1] A plaintiff is permitted to bring suit under *section 1983* against "[e]very person who . . . causes [him] to be subjected" to a deprivation of constitutional rights. *42 U.S.C. § 1983*; *Rizzo v. Goode, 423 U.S. 362, 370, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976)*. Section 1983 does not give rise to *respondeat superior* liability against the employer of a person who infringes upon another's constitutional rights. *Iqbal, 556 U.S. at 676, 129 S. Ct. 1937, 173 L. Ed. 2d 868*. But a supervisor may be held liable if he or she was personally a "direct participant" in the constitutional violation. *Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003)* (*per curiam*). In this Circuit, a "direct participant" includes a person who authorizes, orders, or helps others to do the unlawful acts, even if he or she does not commit the acts personally. *Provost v. City of Newburgh, 262 F.3d 146, 155 (2d Cir. 2001)*; *see also Gronowski v. Spencer, 424 F.3d 285, 293-94 (2d Cir. 2005)* (addressing a city mayor's role in allegedly unconstitutional retaliation against the plaintiff, a former city employee).

wrists for hours.

30. When MR. BIZ complained about the pain being caused from him being double handcuffed the accompanying officer shoved down on his midsection to increase pressure on his handcuffs thereby tightening them around his wrists which caused extreme pain and damage to his wrists.  This was done numerous times.  Upon information and belief, the officer who did this was P.O. SHAUNMICH YOUNG.

31. P.O. SHAUNMICH YOUNG also increased MR. BIZ's discomfort by pulling his legs when MR. BIZ tried to arch his back to relieve pressure on his wrists.

32. P.O. SHAUNMICH YOUNG also stated to MR. BIZ that, "It's just you and me now, I'm going to make your night a living hell."

33. Plaintiffs were eventually released from custody after seeing a judge in Queens County criminal court.

34. P.O. BANATTE and P.O. WATT concocted a story to tell the Queens District Attorney's office and initiated a fraudulent criminal prosecution against both defendants.

35. ANTHONY BIZ eventually received an ACD.

36. WILLIAM RYAN eventually received an ACD.

37. A Civilian Complaint Review Board investigation was initiated on May 9, 2013.  (CCRB Case # 201303687)

38. ANTHONY BIZ was diagnosed with a herniated disc and damage to his wrist from the assault.  MR. BIZ also received numerous contusions and scrapes from the assault.

39. WILLIAM RYAN was diagnosed with left and right wrist sprains and a sprain in his back in shoulder.   MR. RYAN'S eye was also damaged in the attack which has resulted in permanent vision loss and he is now required to wear glasses.  MR. RYAN'S vision was a

perfect 20/20 prior to the attack.

40. At no time did Plaintiffs commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

41. As a direct and proximate result of Defendants' actions, Plaintiffs suffered and continue to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

42. The unlawful arrest of Plaintiffs, Plaintiffs' wrongful imprisonment because of Defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

43. As a direct and proximate result of their unlawful detention, assault and confinement, Plaintiffs have lived in terror of their attack, and continue to suffer from nightmares, are fearful of going outside and when they see the police, suffer various emotional attacks and have been unable to function normally, which has caused a severe strain and breakdown in their personal relationships both in and outside of their homes.

44. As a direct and proximate result of Defendants' actions, Plaintiffs were arrested and detained without just or probable cause.

45. As a direct and proximate result of Defendants' actions, Plaintiffs were deprived of rights, privileges and immunities under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

46. Defendants City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the Defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including Defendants in this case, to engage in unlawful conduct.

47. Defendants City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the Defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including Defendants in this case, to engage in unlawful conduct.

48. The actions of Defendants, acting under color of State law, deprived Plaintiffs of their rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in their person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

49. By these actions, Defendants have deprived Plaintiffs of rights secured by the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

50. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

**AS A FIRST CAUSE OF ACTION:**
**42 U.S.C Section 1983–Fourth, Eighth and Fourteenth Amendments–against all Defendants**

51. Plaintiffs hereby restate all paragraphs above of this Complaint as if fully set forth here.

52. By detaining and imprisoning Plaintiffs, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendants deprived Plaintiffs of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

53. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

54. As a direct and proximate cause of the acts of the Defendants, Plaintiffs suffered the following injuries and damages:

    A. Arrests not based upon probable cause;

    B. Unwarranted and malicious criminal prosecutions;

    C. Deprivations of liberty without due process of law;

    D. Excessive force imposed upon them;

    E. Summary punishment imposed upon them; and

    F. Denial of equal protection under the law.

55. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

### AS A SECOND CAUSE OF ACTION:
 **42 U.S.C Section 1983–Retaliation in Violation of First Amendment against all Defendants**

56. Plaintiffs hereby restates all paragraphs above of this Complaint as if fully set forth here.

57. Plaintiffs was engaging in constitutionally protected activity, including but not limited to his discussions and exchanges with the Defendants Police Officers for their objectionable conduct.

58. Plaintiffs' speech was an inquiry related to objectionable police conduct, which is a matter of

important public concern.

59. Motivated in whole or in part by Plaintiffs' protected verbal opposition to their conduct and/or the substance or style of his communications with them, Defendants searched, seized, and forcibly arrested Plaintiffs.

60. Defendants Police Officers' adverse actions in retaliation for Plaintiffs' expressed intention of exercising his first amendment rights and inquiring about objectionable police conduct caused Plaintiffs to suffer economic, physical and emotional injuries.

61. Defendants' actions, as described herein, were undertaken intentionally, willfully and wantonly.

62. Defendants Police Officers' conduct violated clearly established rights belonging Plaintiffs, of which reasonable law enforcement knew or should have known.

63. The acts or omissions of each of the Police Officer Defendants, including the unconstitutional policy, procedure, custom and/or practice described herein, were the legal and proximate cause of Plaintiffs' damages.

## AS A THIRD CAUSE OF ACTION:
### Failure To Intervene - Fourth Amendment - 42 U.S.C. S 1983

64. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the NYPD or other law enforcement agency employing unjustified and excessive force against a civilian.

65. The officer defendants were present for the above-described incident and witnessed other defendants' actions.

66. The officer defendants' use of force against plaintiffs was unjustified under the circumstances yet the officer defendants failed to take any action or make any effort to intervene, halt or protect plaintiffs from being subjected to their actions by other officer defendants.

67. The officer defendants' violations of plaintiffs' constitutional rights by failing to intervene in other defendants' clearly unconstitutional actions resulted in the injuries and damages set forth above.

### AS A FOURTH CAUSE OF ACTION:
*Monell* claim[2]

68. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

69. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

**WHEREFORE**, Plaintiffs respectfully request judgment against the Defendants as follows:

1. On the First Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988.

2. On the Second Cause of Action against all Defendants, compensatory and punitive

---

[2] *Monell v. City of New York Department of Social Services,* 436 U.S. 658

      damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988.

3. On the Third Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988, and

4. Such other and further relief as this Court may deem necessary in the interest of justice.


Dated: Brooklyn, NY
       3/21/2016


By: _____/s/_____
Paul Hale, Esq.
26 Court St. Ste. 913
Brooklyn, NY 11242
(718) 554-7344